IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY WAYNE BARNES, SR. )<br>LINDA SUE BARNES, )<br>　　　　　　　　　　　　　　)<br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　)　　Case No. 11-CV-582-HE-PJC<br>　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>*et al.,*　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　Defendants. ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' *Motion for Protective Order Governing Obstructionist Conduct of Defendants' Counsel During Deposition.* [Dkt. No. 107] For the reasons set forth below, the motion is **DENIED**.

This motion arises out of disputes the parties encountered during depositions in this case. On July 22, 2013, the Court conducted a telephone conference with counsel concerning so-called "speaking objections" by Defendants' counsel during a deposition. [Dkt. No. 106]. The Court reminded the attorneys of this Court's ruling in *Damaj v. Farmers Ins. Co.,* 164 F.R.D. 559 (N.D.Okla. Dec. 27, 1995). There the Court noted that "objections" that suggested an answer to the witness were improper because they may "obscure or alter" a witness's testimony as to the material facts of a case, thereby frustrating the

objective of deposition discovery.  *Id.* at 560.  The lawyers were advised to state only necessary objections and to do so succinctly and without elaboration.

Four days after the telephone conference, Plaintiffs filed the instant motion complaining about speaking objections and other issues at depositions. [Dkt. No. 107].

The Court makes two preliminary observations.  First, discovery in this case closed on August 1, 2013, [Dkt. No. 105, at 2]; thus, it is now too late to accomplish whatever benefit the requested protective order might have had. Second, Plaintiffs have submitted no evidentiary materials in support of their motion.  Thus, the Court has no record evidence upon which to grant the requested protective order.  These facts alone require that the motion be denied. However, in the interest of providing some guidance regarding deposition conduct generally, the Court will discuss the contentions in Plaintiffs' motion.

Plaintiffs first object that Defense counsel made speaking objections at various depositions and cite the following as examples:  "Objection as to form; misstates the evidence," or "Object as to form, 'all diligence'; vague."  [Dkt. No. 107, ¶ 2].

The Federal Rules are designed to permit deposition discovery without court supervision or interference.  Thus, the need for objections is limited:

> An objection as to a deponent's competence – or to the competence, relevance, or materiality of testimony – is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time.

2

Fed. R. Civ. P. 32(d)(3)(A).  The substance of this Rule generally appears in a stipulation by counsel at the beginning of a deposition: "All objections, except as to form, are reserved."  Form objections are required because the basis for the objection might be corrected at the deposition.  For this reason, Defense counsel's form objection was entirely appropriate.  By going further and providing the grounds for the objection, counsel advised Plaintiffs' counsel of the grounds for the objection and gave him the opportunity to cure any problem.  This is not a "speaking objection" as described in *Damaj,* and is not a ground for a protective order.

      Plaintiffs' counsel also objects to opposing counsel's demeanor: "vocal expressions and body gestures of: annoyance, exasperation, righteous indignation, and general disdain . . . ."  [Dkt. No. 107, at ¶ 3].  Plaintiffs have provided no evidentiary basis to support a finding that anything improper occurred at these depositions, or that Defense counsels' body gestures of annoyance went beyond acceptable bounds. Thus, there is no basis for protective order.

      Plaintiffs also complain that Defense counsel improperly objected to the following instruction/question directed to numerous witnesses:

> If you do answer any of my questions verbally, may I assume it's a full, fair, complete and accurate response to that question?

[Dkt. No. 121, at 5].

3

If, as Defense counsel stated, this is an instruction to the witness, it goes beyond what is required under the Federal Rules of Evidence:

> Before testifying, a witness must give an oath or affirmation to testify truthfully.

Fed. R. Evid. 603.

There is no requirement under the Federal Rules that a witness's testimony be "fair." Indeed, such an obligation could conceivably interfere with a witness's fundamental obligation to be truthful. If, Plaintiffs' counsel sought to impose an additional duty of fairness on the deposition witnesses, this is inappropriate.

More likely, however, Plaintiffs' counsel was offering a variation on a fairly standard deposition question: "If you answer my question, can I assume you understood it and answered it truthfully?" This question is designed to head off problems at trial when counsel seeks to impeach the witness based on his prior deposition testimony. Chief among these problems is the witness who states at trial that he didn't really understand the question he answered at his deposition. The problem here, however, is that Plaintiffs' question goes beyond that purpose. Plaintiffs' counsel wants the witness to assure him his answers will be "fair" – whatever that might mean. After Defense counsel made his objection to this question, the witnesses proceeded to answer. However, when one witness stated: "You may assume I've answered to the best of my ability," Plaintiffs' counsel objected that the answer was "nonresponsive." [Dkt. No. 121, at 5]. At one

deposition, counsel engaged in a tedious exchange over this issue, culminating in Plaintiffs' counsel threatening a motion for sanctions. [Dkt. No. 121, at 6-7].

Having reviewed the submitted briefs, the Court finds no evidentiary basis for the requested relief. Furthermore, since discovery is now completed, the requested protective order is unnecessary. Finally, from the summarized records the parties have submitted, the Court finds the conduct of Defense counsel would not warrant a protective order under the circumstances presented. Therefore, the motion is **DENIED**.

**IT IS SO ORDERED** this 26th day of August 2013.

_____
Paul J. Cleary
United States Magistrate Judge